801 A.2d 1224

**CHALFONT–NEW BRITAIN TOWNSHIP JOINT SEWAGE AUTHORITY, Appellant,**

**v.**

**BUCKS COUNTY WATER & SEWER AUTHORITY, Appellee.**

Supreme Court of Pennsylvania.

Submitted April 12, 2002.

Decided July 22, 2002.

Paul A. Logan, King of Prussia, for Chalfont–New Britain Township Joint Sewage Authority.

Jeffrey P. Garton, John P. Koopman, Douglas Maloney, Langhorne, for Bucks County Water & Sever Authority.

## *OPINION*

PER CURIAM.

This case involves an action under Section 601(a) of the Clean Streams Law, 35 P.S. § 691.601(a), for abatement of alleged unlawful discharge of sewage. The Commonwealth Court, hearing the matter in its original jurisdiction, dismissed the suit for failure to state a cognizable claim for relief. For the reasons discussed below, we reverse the order of dismissal and remand the case to the Commonwealth Court.

The Chalfont–New Britain Joint Sewage Authority ("Chalfont") owns and operates a sewage treatment plant (the "Plant") from which treated waste water is discharged into the Neshaminy Creek pursuant to a permit issued by the Pennsylvania Department of Environmental Protection ("DEP"). Under an agreement with the Bucks County Water and Sewer Authority ("Bucks"), Chalfont sets aside a portion of the Plant's treatment capacity for waste from sewers operated by Bucks in certain regions of the county. Sewage from parts of the county not covered by the contract is disposed of in

separate waste treatment facilities operated by Bucks. Bucks does not, however, hold a DEP permit for the Plant; all sewage discharged into the Plant from Bucks' system is treated (and subsequently discharged into the creek) under the aegis of Chalfont's permit.

According to Chalfont, effluence from the Plant began to increase in or around 1999, resulting in a directive from DEP temporarily to halt connections to the Plant and to develop a management plan to ensure that waste was adequately treated before being discharged into the creek. Although DEP apparently did not allege a CSL violation or impose any administrative sanction, Chalfont claims that the increased discharges periodically have risen to levels exceeding the Plant's treatment capacity, possibly causing sanctionable violations of Chalfont's permit. Chalfont claims further that the increased discharges are attributable to influx to the Plant from Bucks' system in excess of the level permitted by the Bucks–Chalfont waste treatment agreement.

Chalfont filed two legal actions in response to Bucks' allegedly improper discharges. In May 2001, Chalfont filed a complaint in the Bucks County Court of Common Pleas, claiming that Bucks was contributing waste in excess of its allocated volume under the contract, causing the Plant periodically to exceed its total allowed capacity. Chalfont contends that this overage reduces the Plant's operational effectiveness and may result in the discharge of untreated or improperly treated waste into the creek, which in turn may cause Chalfont to violate its permit and to incur sanctions. In its complaint, Chalfont requests that Bucks be declared in breach of the waste disposal contract, enjoined from adding any new users to the portions of its sewage systems that are directed to the Plant, ordered to account for all existing connections flowing to the Plant, and ordered to reimburse Chalfont for all expenses attributable to Bucks' alleged overuse of the Plant. The Bucks County action is still pending.

In September of 2001, Chalfont filed a Petition for Review in the Commonwealth Court under Section 601(a) of the CSL, which provides that "[a]ny activity or condition declared by

[the CSL] to be a nuisance ... shall be abatable in the manner provided by law or equity for the abatement of public nuisances." 35 P.S. § 691.601(a). Section 202 of the CSL prohibits, and declares to be a nuisance, "the discharge of sewage in any manner, directly or indirectly, into the waters of this Commonwealth" without a DEP permit or contrary to the terms and conditions of a permit. 35 P.S. § 691.202. Chalfont claims that Bucks' allegedly excessive discharges into the Plant, which in turn caused excessive effluence from the Plant into the creek, constitute indirect discharges within the meaning of Section 202 and, thus, a nuisance abatable under Section 601(a). Bucks filed preliminary objections on the ground, inter alia, that Chalfont had not stated a cognizable claim under Section 601(a).

The Commonwealth Court granted Bucks' preliminary objections and dismissed the petition. The court explained:

In its complaint Chalfont contends that Bucks County violated the [CSL] by exceeding the amount of sewage that it was allowed to send by contract, which caused the Chalfont sewage plant to be in violation of the [CSL]. As holder of the permit from [DEP] allowing it to discharge its sewage effluent into the streams of the Commonwealth, any violation of the [CSL] would be maintainable against Chalfont, not Bucks County. The remedy it has against Bucks County is one that it has already filed; an action for breach of the agreement seeking the appropriate remedies.

This reasoning, however, is directly at odds with the language of the statute. In prohibiting discharges of sewage "without a permit," Section 202 of the CSL unambiguously applies to entities that do not hold DEP permits. Furthermore, Section 202 expressly applies to indirect discharges and defines "discharge" as including "a discharge of sewage by a person or municipality into a sewer system or other facility owned, operated or maintained by another person or municipality and which then flows into the waters of the Commonwealth." 35 P.S. § 691.202. This language plainly contemplates sanctionable discharges into a waste treatment facility by an entity other than the holder of the permit. Thus, the

premise underlying the Commonwealth Court's dismissal of the petition, that a suit for the abatement of a CSL violation is maintainable only against the holder of the relevant permit, is erroneous, and we will therefore reverse and remand for appropriate treatment of the complaint.

We note that our disposition of this appeal is limited solely to consideration of the reasoning supplied by the Commonwealth Court. This opinion, therefore, resolves neither the merits of Chalfont's petition nor the additional arguments advanced by Bucks before this Court or in its preliminary objections, including those pertaining to the jurisdiction of the Commonwealth Court.

The Commonwealth Court's order is reversed, and the matter is remanded for disposition consistent with this opinion.